**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**DAMON ASH,**

                                        **Plaintiff,**

        **vs.**                                        **9:18-CV-738**
                                                       **(MAD/ML)**

**CORRECTIONAL OFFICER NATHAN**
**J. JOHNSTON, Correctional Officer,**
**Clinton Correctional Facility; and**
**CORRECTIONAL OFFICER SETH M.**
**BOMBARD, Correctional Officer,**
**Clinton Correctional Facility,**

                                **Defendants.**

_____

**APPEARANCES:**                       **OF COUNSEL:**

**DAMON ASH**
17-A-3183
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**                 **BRIAN W. MATULA, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On June 25, 2018, Plaintiff _pro se_ Damon Ash ("Plaintiff"), an inmate currently in the

custody of the New York State Department of Corrections and Community Supervision

("DOCCS"), commenced this action under 42 U.S.C. § 1983 alleging: (1) Eighth Amendment

excessive force claims; (2) Eighth Amendment deliberate medical indifference claims; (3) a

Fourteenth Amendment due process claim; (4) a First Amendment free exercise claim; and (5)

First Amendment retaliation claims. *See* Dkt. No. 1 at 9–10. On July 13, 2018, after an initial

review, the Court dismissed all claims with the exception of the Eighth Amendment excessive

force claim against Defendants Johnston and Bombard. *See* Dkt. No. 6 at 24.

On May 13, 2019, Defendants moved for summary judgment solely on the issue of

Plaintiff's exhaustion of his administrative remedies. *See* Dkt. No. 32. In a January 23, 2020

Report-Recommendation, Magistrate Judge Miroslav Lovric recommended that the Court deny

the motion. *See* Dkt. No. 39. On February 3, 2020, Plaintiff filed an objection to Magistrate

Judge Lovric's Report-Recommendation. *See* Dkt. No. 40. Specifically, Plaintiff objected

because he wanted the "[assault on staff] ticket . . . removed from [his] record."[1] On February 6,

2020, Defendants filed objections to Magistrate Judge Lovric's Report-Recommendation. *See*

Dkt. No. 41. Specifically, Defendants objected to the recommended denial of summary judgment

for the following reasons: (1) the number of days at bar between the regulatory deadline of Central

Office Review Committee ("CORC") and the commencement of the action were incorrectly

calculated; (2) courts in the Second Circuit and the Northern District of New York have been

improperly writing the requirement of "speed" into their analyses under the Prison Litigation

Reform Act ("PLRA"); and (3) Magistrate Judge Lovric incorrectly concluded that administrative

remedies were unavailable in this case. *See generally id.*

---

[1] As Magistrate Judge Lovric correctly determined, this request is construed as a request to amend Plaintiff's complaint. If Plaintiff wishes to amend his complaint, he should follow the instructions set forth in Magistrate Judge Lovric's Report-Recommendation. *See* Dkt. No. 39 at 5 n.7.

Currently before the Court is Magistrate Judge Lovric's January 23, 2020 Report-Recommendation. *See* Dkt. No. 39.

## II. BACKGROUND

For a complete recitation of the relevant factual background, the Court refers the parties to Magistrate Judge Lovric's January 23, 2020 Report-Recommendation. *See* Dkt. No. 39 at 1–3. For the purposes of the Court's Memorandum-Decision and Order, the following undisputed facts are the most relevant: Plaintiff filed a grievance against Defendants concerning an incident on November 28, 2017 at Clinton Correctional Facility. *See id.* at 1–2. Plaintiff's grievance was denied by the facility's Superintendent on January 29, 2018. *See* Dkt. No. 32-3. Plaintiff appealed the denial of his grievance to the CORC, with Plaintiff signing the appeal on February 1, 2018, and a grievance clerk signing the appeal on February 8, 2018. *See* Dkt. No. 32-4. The CORC received Plaintiff's appeal on or about February 21, 2018. *See* Dkt. No. 32-1 at ¶ 12. Plaintiff signed the complaint in this action on June 12, 2018, and it was subsequently filed on June 25, 2018. *See* Dkt. No. 1. The CORC issued a determination regarding Plaintiff's grievance on April 24, 2019. *See* Dkt. No. 32-5.

Defendants argue that they are entitled to summary judgment because, they claim, Plaintiff failed to exhaust his administrative remedies before bringing this case. *See generally* Dkt. No. 32-7. It is undisputed that the CORC–the final level of review in DOCCS' internal grievance program–did not decide Plaintiff's appeal of his administrative grievances within the thirty-day period required by DOCCS' regulations. *See* 7 N.Y.C.R.R. § 701.5(d)(2)(ii). It is also undisputed that Plaintiff filed his complaint in this case before the CORC decided his appeals. The CORC ultimately decided Plaintiff's appeals 300 days after Plaintiff filed his complaint in this case, but nearly over a year after DOCCS' own regulations required the CORC to do so.

# III. DISCUSSION

## A.     Standard of Review

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36–37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553–54 (2d Cir. 2005) (quotation omitted). "However, '[t]he mere existence of a

scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (emphasis and alterations in original)). "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' . . . and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quotations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has directed that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment." *Id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v.*

*Mawhir*, No. 9:08-CV-322, 2011 WL 933846, \*2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

**B.    Exhaustion**

The PLRA states that "[no] action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This exhaustion requirement applies to all suits brought by inmates regarding aspects of prison life.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Inmates must exhaust all available administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings.  *See Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004), *abrogated on other grounds by Ross v. Blake*, 136 S. Ct. 1850 (2016).  The failure to exhaust is an affirmative defense that must be raised by the defendants and, as such, it is the defendants' burden to establish that the plaintiff failed to meet the exhaustion requirements.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted).

The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules.  *See Jones*, 549 U.S. at 218–19 (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)).  In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules,

including deadlines, as a prerequisite to bringing suit in federal court. *See Woodford*, 548 U.S. at 90–103.

New York State has a three-step administrative review process. First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC") which reviews and investigates the formal complaint before issuing a written determination. *See* 7 N.Y.C.R.R. § 701.5(b). Second, an adverse decision by the IGRC may be appealed to the Superintendent of the Facility. *See id.* § 701.5(c). Third, an adverse decision by the Superintendent may be appealed to the CORC. *See id.* § 701.5(d). If all three levels of review are exhausted, then the prisoner may seek relief in a federal court pursuant to section 1983. *See Bridgeforth v. DSP Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing *Porter*, 534 U.S. at 524).

To the extent a civil rights claim must be exhausted by the grievance process, completion of the three-tiered process, through and including a final decision by the CORC, must be completed before an action asserting that claim may be filed in federal court. *See, e.g.*, *Casey v. Brockley*, No. 9:13-CV-1271, 2015 WL 8008728, *5 (N.D.N.Y. Nov. 9, 2015) ("Receiving a decision from CORC *after* commencing litigation does not satisfy PLRA's requirement that administrative remedies be exhausted *before* filing suit, and any claim not exhausted prior to commencement of the suit must be dismissed without prejudice") (citing *Neal v. Goord*, 267 F.3d 116, 122–23 (2d Cir. 2001), *overruled on other grounds by Porter*, 534 U.S. 516) (emphasis in original); *Rodriguez v. Rosner*, No. 12-CV-958, 2012 WL 7160117, *8 (N.D.N.Y. Dec. 5, 2012). "[A] post-exhaustion amendment of the complaint cannot cure an exhaustion defect existing at the time the action was commenced." *Guillory v. Haywood*, No. 9:13-CV-1564, 2015 WL 268933, *11 (N.D.N.Y. Jan. 21, 2015) (citing *Neal*, 267 F.3d at 122) (other citation omitted).

Although administrative remedies generally must be exhausted, a prisoner need not exhaust remedies if they are not "available." *Ross*, 136 S. Ct. at 1855. "First, an administrative remedy may be unavailable when 'it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates.'" *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 123 (2d Cir. 2016) (quoting *Ross*, 136 S. Ct. at 1859). "Second, 'an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use.'" *Id.* (quoting *Ross*, 136 S. Ct. at 1859). "In other words, 'some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it.'" *Id.* at 123–24 (quoting *Ross*, 136 S. Ct. at 1859). "Third, an administrative remedy may be unavailable 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* at 124 (quoting *Ross*, 136 S. Ct. at 1860).

Having carefully reviewed Magistrate Judge Lovric's Report-Recommendation, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Lovric correctly determined that the Court should deny Defendants' motion for summary judgment. The Court agrees that exhaustion was unavailable to Plaintiff based on the specific facts of this case.

Defendants object to Magistrate Judge Lovric's Report-Recommendation on the basis that his decision "has improperly furthered a growing judicial trend" in the Second Circuit, as well as the Northern District of New York. Dkt. No. 41 at 2–7. Despite Defendants' protest, a number of recent District Court decisions deciding the issue of availability of exhaustion when the CORC has failed to render a timely decision have ultimately concluded that exhaustion was unavailable to inmates. *See* Dkt. No. 39 at 13; *see also Williams v. Corr. Officer Priatno*, 829 F.3d 118 (2d Cir. 2016); *Rodriguez v. Reppert*, No. 14-CV-671, 2016 WL 6993383, *2–3 (W.D.N.Y. Nov. 11, 2016); *High v. Switz*, No. 17-CV-1067, 2018 WL 3736794, *5 (N.D.N.Y. July 9, 2018);

*Mayandeunas v. Bigelow*, No. 18-CV-1161, 2019 WL 5273527, *7 (N.D.N.Y. May 21, 2019), *adopted by* 2019 WL 3955484 (N.D.N.Y. Aug. 22, 2019). The Court is not persuaded to depart from this line of case law.

Defendants also object to Magistrate Judge Lovric's ultimate conclusion that administrative remedies were unavailable in this case. *See* Dkt. No. 41 at 7–11. The Court is similarly not persuaded by Defendants' over reliance on *Monroe v. Kocienski*, No. 9:17-CV-1050, 2019 WL 409412 (N.D.N.Y. Feb. 1, 2019). Judge Suddaby has written in later decisions that "the reason the undersigned 'rejected the proposition [in *Monroe v. Kocienski*] that CORC's delay in responding rendered the plaintiff's administrative remedies unavailable' was that the delay was only 37 days." *Mayandeunas v. Bigelow*, No. 9:18-CV-1161, 2019 WL 3955484, *4 (N.D.N.Y. Aug. 22, 2019) (internal citation omitted).

Plaintiff submitted the appeal of his grievance to the CORC on February 8, 2018. *See* Dkt. No. 32-4. The CORC received Plaintiff's appeal on or about February 21, 2018. *See* Dkt. No. 32-1 at ¶ 12. It is undisputed that the CORC did not decide Plaintiff's appeal of his administrative grievances within the thirty-day period required by DOCCS' regulations. *See* 7 N.Y.C.R.R. § 701.5(d)(2)(ii). Plaintiff signed the complaint in this action on June 12, 2018, and it was subsequently filed on June 25, 2018, *see* Dkt. No. 1, which is 81 days from the date Defendants allege Plaintiff's appeal was filed, *see* Dkt. No. 41 at 1 n.1, or 94 days from the date Magistrate Judge Lovric held Plaintiff's appeal was filed. *See* Dkt. No. 39 at 12 n.15. Under the circumstances, the number of days at bar for the purposes of delay calculations in this case is a period of 81 days or 94 days – both of which are longer than the delay in *Monroe*. *See Monroe*, 2019 WL 409412, at *4. Whether 81 or 94 days, courts in this Circuit have construed Second Circuit precedent to mean that a time limit with regards to a delay by the CORC is "within the

9

realm of possibility." *Id.* ("In *Gizewski*, the Second Circuit 'assume[ed] arguendo that the [80-day] delay [between when the plaintiff filed his appeal to CORC on November 12, 2013, and when he dated and thus 'filed' his complaint in the N.D.N.Y. on January 31, 2014] ... constituted [a] constructive denial [of his appeal . . . .'" *Gizewski v. New York State Dep't of Corr. & Cmty. Supervision*, 692 Fed. Appx. 668, 670 (2d Cir. 2017)).

"In addition [to] ignoring an inmate's appeal, as it appears to have done in this case, the CORC could delay a plaintiff's exhaustion indefinitely, making the remedy 'unavailable' by thwarting plaintiff's attempt to exhaust." *Bell v. Napoli*, No. 9:17-CV-850, 2018 WL 6506072, *7 (N.D.N.Y. Dec. 11, 2018) (citing *Ross*, 136 S. Ct. at 1860). In this case, Plaintiff tried to appeal his grievance to the "next step," but was not able to do so because CORC delayed in responding to Plaintiff's grievance until 300 days after Plaintiff filed his complaint and more than a year after he filed his appeal. Thus, the Court finds that Magistrate Judge Lovric correctly determined that Plaintiff's failure to exhaust may be excused, and Defendants' motion for summary judgment is denied. The Court must point out that the finding that this administrative remedy was "unavailable," and that Plaintiff's failure to exhaust should be excused, is based upon a review of the specific facts in this case.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Miroslav Lovric's January 23, 2020 Report-Recommendation (Dkt. No. 39) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 32) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance in the Local Rules.

**IT IS SO ORDERED.**

Dated: March 5, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge