UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAMON ASH,

                              Plaintiff,

   vs.                                                    9:18-CV-738
                                                               (MAD/ML)
NATHAN J. JOHNSTON, *Correctional Officer,*
*Clinton Correctional Facility*, and SETH M.
BOMBARD, *Correctional Officer, Clinton*
*Correctional Facility*,

                              Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

**POWERS & SANTOLA, LLP**             **AMBER L. WRIGHT, ESQ.**
100 Great Oaks Blvd. – Suite 123       **DANIEL R. SANTOLA, ESQ.**
Albany, New York 12203                **MATTHEW PAUL RICCI, ESQ.**
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**        **BRIAN W. MATULA, AAG**
**STATE ATTORNEY GENERAL**      **ROBERT J. ROCK, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On June 25, 2018, *pro se* Plaintiff Damon Ash, an inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action under 42 U.S.C. § 1983, asserting the following claims: (1) Eighth Amendment excessive force claims; (2) Eighth Amendment deliberate indifference claims; (3) a Fourteenth Amendment due process claim; (4) a First Amendment free exercise claim; and (5)

First Amendment retaliation claims. *See* Dkt. No. 1 at 9-10. On July 13, 2018, the Court performed an initial review of the complaint and dismissed all claims with the exception of th Eighth Amendment excessive force claim against Defendants Johnston and Bombard. *See* Dkt. No. 6 at 24.

Trial in this matter is scheduled to commence on July 12, 2021. Currently before the Court is Plaintiff's motion *in limine*. *See* Dkt. No. 100.

## II. BACKGROUND

For a complete recitation of the relevant background facts, the parties are referred to Magistrate Judge Lovric's January 23, 2020 Report-Recommendation. *See* Dkt. No. 39.

## III. DISCUSSION

**A.    Motions *in limine***

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering motions *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

B.   **Prior Convictions**

In his motion *in limine*, Plaintiff argues that Defendant should be precluded from offering evidence and/or eliciting testimony concerning Plaintiff's prior convictions during trial. *See* Dkt. No. 100-1 at 2-5. Specifically, Plaintiff contends that all of his prior convictions should be precluded at trial because the probative value of these convictions is substantially outweighed by the risk of unfair prejudice. *See id.* Plaintiff has identified the following four convictions he seeks to preclude from being introduced at trial: (1) Assault in the Second Degree, a Class D felony; (2) Criminal Possession of a Weapon in the Third Degree, a Class D felony; (3) Coercion in the First Degree, a Class D felony; and (4) Intimidation of a Witness in the Third Degree, a Class E felony. *See id.* at 2-3. In response, Defendants indicates that they will limit any inquiry into Plaintiff's felony convictions to the number of felonies (4) and the year of conviction (2017). *See* Dkt. No. 111 at 1. Defendants note that they "will not otherwise inquire into the names of the felonies or any of the particular facts concerning any of the convictions – unless Plaintiff affirmatively opens the door to further inquiry through his own testimony at trial." *Id.*

Rule 609 of the Federal Rules of Evidence vests broad discretion in the district court to admit or exclude evidence of prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Rule 609(a) provides that:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> > (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> >
> > (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

3

> (2) for any crime regardless of the punishment, the evidence must
> be admitted if the court can readily determine that establishing the
> elements of the crime required proving – or the witness's admitting
> – a dishonest act or false statement.

Fed. R. Evid. 609(a).

"The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quotation omitted). In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *United States. v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977)) (other citation omitted). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)). "[C]rimes of violence generally have limited probative value concerning the witness's credibility' and ... theft 'crimes have greater impeachment value[.]'" *Estrada*, 430 F.3d at 618 (quotation omitted).

In the present matter, as to the first factor, although Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness' propensity to testify truthfully, all Rule 609(a)(1) felonies are not equally probative of credibility. *See Estrada*, 430 F.3d at 617-18. Here,

4

Plaintiff's convictions for assault, criminal possession of a weapon, coercion, and witness intimidation are not particularly probative as to honesty and veracity. *See id.*

As to the second factor, Plaintiff was convicted of the crimes at issue in 2017, and he remains incarcerated as a result of these crimes. Given how recently these crimes were committed, this factor weighs in favor of admission.

"'The third criterion, similarity of the crimes, deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. The less similar the pending case to the prior conviction, the less prejudicial its admission is.'" *Somerville v. Saunders*, No. 9:11-cv-556, 2014 WL 272415, *9 (N.D.N.Y. Jan. 24, 2014) (quoting *Stephen v. Hanley*, No. 03–CV–6226, 2009 WL 1471180, *5 (E.D.N.Y. May 21, 2009)). "On the other hand, a conviction for a crime that bears a close resemblance to actions alleged in the current case might cause 'unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts.'" *Id.* (quoting *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993)).

As in this case, the plaintiff in *Lewis* was an inmate who alleged that the defendant correction officers used excessive force. The plaintiff sought to preclude admission of his prior assault conviction because he feared its admission would result in undue prejudice. The court agreed, finding that

> [g]iven the facts of the current case, assault convictions skirt too close to the impermissible suggestion that the plaintiff had a propensity toward violence and acted in conformity with his aggressive predisposition. Informing the jury that [plaintiff] has been convicted for a prior assault would be unacceptably prejudicial. Thus, while the fact that [plaintiff] is a convicted felon serving a sentence of eleven years to life may be elicited, the charge on which he was convicted may not.

5

*Lewis*, 149 F.R.D. at 483.

The danger in this case, as in *Lewis*, is that the nature of Plaintiff's convictions might unfairly bias the jury against him. The Court is persuaded that the jury is likely to draw the inference from the nature of Plaintiff's convictions that he has the propensity to engage in violence behavior. *See Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 544 (E.D.N.Y. 2011). Thus, the danger of unfair prejudice weighs against admitting this evidence.

Finally, it is undisputed that Plaintiff's credibility is a central issue in this case. "[W]here the credibility of a given witness is particularly important because there is little other documentary or supporting evidence and 'success at trial probably hinges entirely on [the witness's] credibility with the jury,' the fourth factor weighs in favor of admission of the prior conviction." *Id.* Therefore, this factor weighs in favor of admitting the convictions for impeachment purposes pursuant to Rule 609.

In addition to the factors discussed above, the Court must also consider the standard Rule 403 factors: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. While most of these considerations are incorporated into the Rule 609(a) factors discussed above, it is worth noting that the factors of undue delay, wasting time, and cumulative evidence militate against admitting evidence of each of Plaintiff's felony convictions and the details thereof. The fact that Plaintiff is a convicted felon, and that the circumstances underlying the instant matter arose while he was incarcerated, are sufficient to impeach his credibility. A recitation of Plaintiff's criminal history would be cumulative, and thus, unduly prejudicial.

Based on the foregoing considerations, the Court finds that the probative value of the fact and number of Plaintiff's felony convictions and the date of conviction outweigh the prejudicial

effect of this evidence. *See Young v. Calhoun*, No. 85 CIV. 7584, 1995 WL 169020, *4 (S.D.N.Y. Apr. 10, 1995) ("As plaintiff's complaint concerns events that occurred during his incarceration [ ], the jury will be informed that plaintiff has been convicted of a crime by the very nature of the case"). However, the probative value of the name and nature of the underlying convictions is substantially outweighed by the danger of unfair prejudice. *See United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) ("In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense"). Of course, in the event that Plaintiff opens the door on this issue, by attempting to bolster his own credibility or raising the issue of his underlying convictions, Defendants will be permitted to cross-examine him on the relevant details of these convictions.

Based on the foregoing, this aspect of Plaintiff's motion *in limine* is granted in part and denied in part.

## C. Prior Arrests

Plaintiff contends that Defendants should be precluded from introducing any evidence regarding his prior arrests which did not result in a conviction. *See* Dkt. No. 100-1 at 5. Plaintiff argues that these none of these arrests fall within one of the enumerated exceptions to Rule 404(b) and that such evidence is otherwise irrelevant and overly prejudicial. *See id.* Defendants do not oppose this aspect of Plaintiff's motion, "so long as Plaintiff does not testify in such a manner so as to fairly open the door to inquiry into such facts." Dkt. No. 111 at 2. Defendants, however, have indicated that they will not otherwise inquire as to these facts. *See id.*

The Court agrees with Plaintiff that evidence of his prior arrests is generally not relevant under Rule 402 and that it is inadmissible under Rule 404(b). As to relevance, the Court sees no

probative value in evidence of Plaintiff's prior arrests.  *See Nibbs v. Goulart*, 822 F. Supp. 2d 339, 344 (S.D.N.Y. 2011) ("Because there is no allegation that the arresting officers were aware of [plaintiff's] arrest history on December 23, 2009, the Court agrees with plaintiff that his arrest history is irrelevant to the question of probable cause").  Additionally, the evidence of Plaintiff's prior arrests is inadmissible under Federal Rule of Evidence 404(b), which provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  Nor does the Court find that such evidence fits into the exceptions of Rule 404(b)(2), such as motive, opportunity, intent, etc.  See Fed. R. Evid. 404(b)(2).  Finally, there is no impeachment value in the evidence of Plaintiff's prior arrests.  *See Michelson v. United States*, 335 U.S. 469, 482 (1948) ("Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness"); *Nibbs*, 822 F. Supp. 2d at 344 (finding that the plaintiff's "arrest history holds no value as impeachment material"); *see also Roguz v. Walsh*, No. 09-cv-1052, 2013 WL 1498126, *4 (D. Conn. Apr. 5, 2013) (explaining that, in addition to being inadmissible under Rule 608, "arrests are not admissible under Rule 609").

Since evidence of Plaintiff's prior arrests is neither admissible with respect to the claim at issue, nor admissible for impeachment purposes, this evidence shall be precluded from admission at trial.  Of course, in the event that Plaintiff opens the door on this issue, by attempting to bolster his own credibility or raising the issue of his underlying arrests, Defendants may be permitted to cross-examine him on the relevant details of these arrests.

**D.    Remaining Issues**

On June 29, 2021, Plaintiff's counsel raised two additional issues to be addressed in advance of trial.  *See* Dkt. No. 110.  Specifically, Plaintiff requests "(1) An Order seeking that

8

[P]laintiff be provided with his personal clothing, including a dress shirt, suit jacket, dress pants and tie during the duration of the trial; and (2) An Order seeking that [P]laintiff appear without handcuffs and/or shackles in the courtroom while in the presence of the jury during trial." *Id.* at 1.

### 1. *Civilian Attire*

As to the first issue, Plaintiff will be permitted to wear civilian attire during trial. In his motion, Plaintiff specifically mentions his desire to wear a dress shirt, suit jacket, dress pants and tie during trial. While Plaintiff will be permitted to wear civilian attire during trial, the Court will consult with the transporting officials from DOCCS regarding whether Plaintiff will be permitted to wear each article of clothing requested.

### 2. *Handcuffs and/or Shackles*

As Plaintiff's request to appear at trial without handcuffs and/or shackles, the Court will reserve on this aspect of Plaintiff's motion until the transporting officers from DOCCS have been given an opportunity to voice any concerns they may have.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Plaintiff's motions *in limine* (Dkt. Nos. 100 & 110) are **GRANTED in part, DENIED in part, and RESERVED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 7, 2021
      Albany, New York

Mae A. D'Agostino
U.S. District Judge