UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAMON ASH,

                            Plaintiff,

          vs.                                          9:18-CV-738
                                                       (MAD/ML)

NATHAN J. JOHNSTON, *Correctional Officer,*
*Clinton Correctional Facility*, and SETH M.
BOMBARD, *Correctional Officer, Clinton*
*Correctional Facility*,

                            Defendants.

---

## JURY INSTRUCTIONS

### I. INTRODUCTION

Now that you have heard all of the evidence and the arguments of counsel, it is my duty to instruct you on the law applicable to this case. You must base your decision on this charge, and not the instructions that I gave you at the beginning of the case.

Your duty as jurors is to determine the facts of this case on the basis of the admitted evidence. Once you have determined the facts, you must apply the law, as I am now instructing you, to those facts. You must consider and apply all of these instructions. You may not elect to apply some instructions and omit others. It is the application of these instructions in their entirety that states the law. You should not concern yourselves with the wisdom of any rule of law. You are bound to accept and apply the law as I give it to you, whether or not you agree with it.

In deciding the facts of this case, you must not be swayed by feelings of bias, prejudice, or sympathy toward either Plaintiff or Defendants. You are not to consider what the parties' or the public's reaction to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom. You should consider only the evidence, both the testimony and the exhibits, and apply the law as I now give it to you. The proper administration of justice requires that you carefully and impartially consider all the evidence in the case, follow the law as the Court states it, and render a decision based upon the application of the law to the facts as you find them to be.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case. It is not my function to determine the facts; rather it is yours.

In addition, you must not infer from anything I have said during this trial that I hold any views for or against either Plaintiff or Defendants. In any event, any opinion I might have is irrelevant to your decision.

## II. ROLE OF THE ATTORNEYS

Our courts operate under an adversary system in which we hope that the truth will emerge through the competing presentations of opposing parties. It is the responsibility of the attorneys to press as hard as they can for their respective positions. It is their role to call your attention to those facts which are most helpful to their side of the case. In

fulfilling that role, they have not only the right, but also the obligation, to make objections to the introduction of evidence they believe is improper.

The application of the rules of evidence is not always clear, and lawyers often disagree. It has been my job as the judge to resolve those disputes. It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case and are not to be considered as points scored for one side or the other.

Similarly, one cannot help but become involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest between attorneys. You are to decide this case solely on the basis of the evidence and remember that the attorneys' statements and characterizations of the evidence are not evidence. Insofar as you find their opening and/or closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence in this case that counts.

Questions asked by the attorneys are also not evidence. Only the witnesses' answers are evidence.

In addition, you must not infer from anything I have said during this trial that I hold any views for or against either Plaintiff or Defendants. In any event, any opinion I might have is irrelevant to your decision.

### III. EVIDENCE

As I stated earlier, your duty is to determine the facts based on the evidence that I have admitted. The term "evidence" includes the sworn testimony of witnesses, exhibits that the Court has received, and stipulations. You may not consider any responses which I ordered stricken from the record. I realize that you cannot remove those answers from your memories, but I instruct you that, as a matter of law, you may not rely on them during your deliberations. Additionally, as I indicated before, I instruct you that you are not to consider a question asked by the attorneys as evidence.

Although you should consider only the admitted evidence, you may draw inferences from the testimony and exhibits which are justified in light of your common experience. As I explained in my preliminary instructions, the law recognizes two types of evidence – direct and circumstantial. Direct evidence is the testimony of one who asserts personal knowledge, such as an eyewitness. Circumstantial or indirect evidence is proof of a chain of events which points to the existence or nonexistence of certain facts. Again, the use of logic.

The law does not distinguish between the weight to be given to direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You may rely on either type of evidence in reaching your decision.

## IV. EVALUATION OF EVIDENCE

## A.    BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

4

To say that a party has the burden of proof on a particular issue means that, considering all the evidence in the case, the party's claim on that issue must be established by a **fair preponderance of the credible evidence**. The credible evidence means the testimony and exhibits that you find worthy of belief. A preponderance means the greater part of the evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase preponderance of the evidence refers to the quality of the evidence, its weight, and the effect that it has on your minds. In order for a party to prevail on an issue on which it has the burden of proof, the evidence that supports its claim on that issue must appeal to you as more nearly representing what happened than the evidence opposed to it. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, you must decide the question against the party who has the burden of proof and in favor of the opposing party.

**B.    CREDIBILITY OF WITNESSES**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

Now, in evaluating a witness's testimony, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility that the witness may have shown for or against either party, as well as the interest that the witness may have in the outcome of the case. You should also consider the specific attributes of the witness; for example,

5

whether the witness has been convicted of a felony, that is, a crime for which a person may receive a prison sentence of more than one year.

You should consider the opportunity the witness had to see, hear, and know the things about which the witness testified, the accuracy of the witness's memory, candor or lack of candor, the reasonableness and probability of the witness's testimony, the testimony's consistency or lack thereof, and its corroboration or lack of corroboration with other credible testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

If you were to find that any witness willfully testified falsely as to any material fact – that is, to an important matter – the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about other important matters. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false. By the processes which I have just described, you, as the sole judges of the facts,

decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to that testimony.

In other words, what you must try to do in deciding credibility is to size up a witness in light of the witness's demeanor, the explanations given, and all of the other evidence in the case. Remember, you should always use your common sense, your good judgment and your own life experience. Also remember that the existence or non-existence of a fact is not determined by the number of witnesses called. Your concern is with the quality not the quantity of evidence.

**C.    INTEREST IN OUTCOME**

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

**D.    INCONSISTENT STATEMENTS**

7

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony. If the witness is not a party to this action, such prior inconsistent out-of-court statements may be considered for the sole purpose of judging the witness's credibility; however, it MAY NOT be considered as evidence of proof of the truth of the statement.

On the other hand, where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness's interest, then such statement or other conduct if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves. If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

E.    **PRIOR FELONY CONVICTIONS**

You have heard evidence that Plaintiff has been convicted of crimes. You may consider that evidence only in deciding whether the testimony provided by that person is truthful in whole, in part, or not at all. Such a conviction does not necessarily destroy the witness's credibility, but it is one of the circumstances you may take into account in

8

determining the weight to give to his testimony. You may not consider this evidence for any other purpose.

**F.    MULTIPLE DEFENDANTS**

You must give separate consideration to each claim and each party in this case. Although there are multiple defendants, it does not follow that if one is liable, any of the others is also liable. In considering a claim against a defendant, you must not consider evidence admitted only against another defendant.

**G.    ALL EVIDENCE NEED NOT BE PRODUCED**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in this case.

**H.    TESTIMONY BY CORRECTIONS OFFICERS**

You have heard the testimony of Corrections Officers. The fact that a witness is employed as a Corrections Officer does not mean that his testimony is deserving of any more or less consideration, or should be given any greater or lesser weight, than that of any other witness from whom you heard testimony.

At the same time, it is quite legitimate for counsel to attempt to attack the credibility of a Corrections Officer witness. It is your decision, after reviewing all of the evidence, to accept the testimony of the Corrections Officer witness or reject it, or to give

9

it whatever weight you believe it deserves, just as you would with any other witness from whom you heard testimony.

## I.    PRISONER WITNESSES

During this trial, you have heard testimony from Plaintiff who is incarcerated in a New York State prison. The fact that a witness may have been or is a prisoner does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

At the same time, it is legitimate, in certain situations, for counsel to try to attack the credibility of a prisoner witness. You may consider this evidence only in deciding whether this witness's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

## J.    STIPULATIONS

A stipulation is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true.

## K.    DEPOSITIONS

Some of the testimony before you is in the form of depositions which have been received in evidence. A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adverse party under oath before a court stenographer. This is part of pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

## V. SUBSTANTIVE CHARGES

**A.    42 U.S.C. § 1983**

Plaintiff has brought his claim pursuant to 42 U.S.C. § 1983, which provides that

> [e]very person who, under color of any statute, ordinance,
>
> regulation, custom or usage, of any State ... subjects, or causes
>
> to be subjected, any citizen of the United States or other person
>
> within the jurisdiction thereof to the deprivation of any rights,
>
> privileges, or immunities secured by the Constitution and laws,
>
> shall be liable to the party injured ...

I will refer to this statute simply as "Section 1983."

Section 1983 does not create any substantive right in and of itself but rather serves as a means by which individuals can seek redress in this Court for alleged violations of their substantive rights under the United States Constitution.

One element of any claim under Section 1983 is that the acts of the defendant be done under "color of state law." In other words, the acts complained of must have occurred while the defendant was acting or purporting to act in the performance of his or her official duties. It is important to remember, however, that the State of New York is not the defendant in this case. The Defendants in this case are **Nathan J. Johnston and Seth M. Bombard**, who were employees of the New York State Department of Corrections and Community Supervision at Clinton Correctional Facility during the time in question.

11

Further, the plaintiff must establish by a preponderance of the credible evidence that the defendants' conduct deprived him of a right secured by the Constitution or federal law. Here, Plaintiff claims that Defendants used excessive force against him in violation of the Eighth Amendment to the United States Constitution.

Third, the plaintiff must establish that any injuries he may have sustained were proximately caused by the defendants' alleged unconstitutional conduct.

I will now discuss the actual deprivations that Plaintiff alleges Defendants caused.

**B.    EXCESSIVE FORCE**

In this case, you heard testimony that, at all times relevant, Plaintiff was an inmate incarcerated at Clinton Correctional Facility.

When a State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being. As you have heard, Plaintiff alleges that Defendants **Johnston** and **Bombard** used excessive and unnecessary force against him in an incident that occurred while Plaintiff was incarcerated. The use of excessive force may, under some circumstances, constitute cruel and unusual punishment in violation of the Eighth Amendment.

To prove his claim of excessive force, Plaintiff must prove each of the following elements by a preponderance of the credible evidence: (1) that the Defendant you are considering acted under "color of state law;" (2) that the Defendant you are considering

acted maliciously and sadistically; and (3) that Plaintiff suffered an injury as a result of that particular Defendant's conduct.

### 1. First Element: Color of State law

The parties agree that Defendants were acting under the "color of state law," *i.e.*, that they were working in their capacity as New York State employees at the time of the incident. Therefore, this element has been satisfied.

### 2. Second Element: Malicious and Sadistic Conduct

In the context of an excessive force claim, the key inquiry is whether the defendant applied force in a good faith effort to maintain or restore discipline or whether the defendant acted maliciously and sadistically for the very purpose of causing harm.

An act is maliciously done if it is done to cause pain or injury to another without justification. An act is done sadistically if it is done to obtain gratification by the infliction of physical or mental pain to another.

Your evaluation of this element involves an evaluation of the force used; that is, was the force reasonable in light of the circumstances of the case. In deciding this, you should examine facts such as the extent of Plaintiff's injuries, the need for the application of force, the relationship between that need and the amount of the force used, the threat reasonably perceived by Defendants and any efforts by Defendants to temper the severity of a forceful response, *i.e.*, to use only that force necessary to meet the threat posed. Again, in the context of a prison, it is necessary to realize that not every push or shove violates a prisoner's constitutional rights. It is important to remember that a corrections

13

officer is permitted by law to use such physical force, as may have been reasonably necessary, to enforce compliance with proper instructions, and to protect other prisoners, themselves, and other corrections staff from physical harm.

If an evaluation of these factors leads you to believe that the Defendant you are considering acted maliciously and sadistically for the very purpose of causing harm, then Plaintiff has established this element as to that Defendant. If, however, you find that the Defendant you are considering acted in a good faith effort to maintain and restore discipline, then Plaintiff has failed to meet this element as to that Defendant.

### 3. Third Element: Injury caused by Defendant

If you find that the Defendant you are considering used force in a malicious and sadistic manner then you must consider whether such conduct was the proximate cause of an injury to Plaintiff. In an excessive force claim, this element may be established even if the victim does not suffer serious or significant injury, so long as he has suffered some injury.

A proximate cause is an act or omission that, in a natural course, produces injury and without this act or omission the injury would not have occurred. Stated another way, before Plaintiff can recover damages for any injuries, he must first show by a preponderance of the evidence that such injury would not have come about were it not for the conduct of the Defendant you are considering.

## C.    DAMAGES

### 1. Generally

14

If Plaintiff has proven by a preponderance of the credible evidence that a Defendant is liable on his claim, then you must determine the amount of damages to which Plaintiff is entitled for that claim.  However, you should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide the issues of liability outlined above, and I am instructing you on damages only so that you will have guidance should you decide that Plaintiff is entitled to recovery.

### 2. *Compensatory damages*

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, resulting from a Defendant's violation of Plaintiff's rights.  If you find that a Defendant is liable on Plaintiff's claim, as I have explained it, then you must award Plaintiff sufficient damages to compensate him for any injury proximately caused by that Defendant's conduct.  An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission was a substantial contributing factor in causing the injury or damage.

These are known as compensatory damages.  Compensatory damages seek to make Plaintiff whole – that is, to compensate him for any damage he may have suffered.  A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of a defendant's conduct.

You are to use your sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

### 3. Nominal damages

If you find that Plaintiff has failed to prove that he is entitled to compensatory damages, you must, nevertheless, award him nominal damages in the amount of one dollar if you find that the Defendant you are considering violated his Eighth Amendment rights.

You may not award Plaintiff both nominal and compensatory damages if you find that the Defendant you are considering violated his rights. In other words, if you find that the Defendant you are considering violated Plaintiff's rights and that he was measurably injured, you may award him compensatory damages. On the other hand, if you find that the Defendant you are considering violated Plaintiff's rights but that he was not measurably injured, you must award him nominal damages. If you find that Plaintiff's constitutional rights were violated and award nominal damages, you may also consider whether Plaintiff is entitled to an award of punitive damages. You may consider the issue of punitive damages whether or not you award Plaintiff any compensatory damages on his constitutional claims.

### 4. Punitive damages

Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing similar acts in the future.

I must emphasize, however, that at this stage of the proceedings, you are only to consider whether or not Plaintiff is entitled to such an award of punitive damages against one of more of the Defendants. If you determine that Plaintiff is entitled to such an award, you will be asked to determine what amount such an award should be at a separate hearing concerning this issue. Therefore, you are not to consider the amount of punitive damages, if any, you believe Plaintiff is entitled to receive.

You may conclude that Plaintiff is entitled to punitive damages if you find that one or more of the Defendants' acts or omissions were done maliciously or wantonly. An act is maliciously done if it is prompted by ill will or spite towards the injured person. An act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. In order to justify an award of punitive damages, Plaintiff has the burden of proving, by a preponderance of the evidence, that the Defendant you are considering acted maliciously or wantonly with regard to his rights.

Please remember that at this stage of the proceedings, you are only to consider whether or not Plaintiff is entitled to such an award of punitive damages. If you determine that Plaintiff is so entitled, a separate hearing will be held at which you will hear evidence relevant to the proper amount of such damages. While many of the same considerations apply to a determination of the amount of a punitive damages award, the Court will have specific instructions for you regarding this determination, should it become necessary.

## VI. CONCLUSION

17

I have now outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts. In a few minutes, you will retire to the jury room for your deliberations. Your first order of business in the jury room will be to elect a foreperson. The foreperson's responsibility is to ensure that deliberations proceed in an orderly manner. This DOES NOT mean that the foreperson's vote is entitled to any greater weight than the vote of any other juror.

When you are in the jury room, listen to each other and discuss the evidence and issues. It is the duty of each of you, as jurors, to consult with each other. You must deliberate with a view to reaching an agreement, but only if you can do so without violating your individual judgment and conscience. Your job as jurors is to reach a fair conclusion from the law and evidence. The parties and the Court are relying on you to give full and conscientious consideration to the issues and the evidence before you.

In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you should find yourself in doubt concerning my instructions, it is your privilege to return to the courtroom to have the testimony read to you or my instructions further explained. I caution you, however, that the read-back of testimony may take some time and effort. You should, therefore, make a conscientious effort to resolve any questions as to testimony through your collective recollections.

Should you desire to communicate with the Court during your deliberations, please put your message or question in writing. The foreperson should sign the note and pass it to the Court Security Officer who will bring it to my attention. I will then respond, either in writing or orally, by having you returned to the courtroom.

During your deliberations, do not hesitate to re-examine your views and change your mind. Do not, however, surrender your honest convictions because of the opinion of a fellow juror or for the purpose of returning a verdict. Remember you are not partisans. You are the judges - judges of the facts. Your duty is to seek the truth from the evidence presented to you, while holding the parties to their burdens of proof.

Once you have reached a unanimous verdict, your foreperson should fill in the verdict form, date and sign it, and inform the Court Security Officer that you have reached a verdict. After the Court has received your verdict, you may be asked some additional questions.

The Court has prepared a verdict form for you. I will now review it with you.